UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY M. CARRERA,<br><br>        Plaintiff,<br><br>        v.<br><br>D. CAVINESS, et al.,<br><br>        Defendants. | Case No. 5:23-cv-000170-FMO (GJS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

      On January 30, 2023, Plaintiff filed a pro se civil rights complaint [Dkt. 1, "Complaint"], which the named Defendants thereafter moved to dismiss [Dkt. 11, "Motion"]. Following briefing, United States Magistrate Judge Gail J. Standish issued a Report and Recommendation, which found that the Complaint was defective as a whole and should be dismissed, with leave to amend to be granted only in two specified respects. [Dkt. 22, "Report."] Plaintiff did not file Objections to the Report. On November 20, 2023, the Court issued an Order accepting the Report, granting the Motion, and dismissing the Complaint. [Dkt. 23, "November 20 Order."] The November 20 Order advised Plaintiff that: if he wanted to have this case proceed, he must file and serve a First Amended Complaint within 30 days; and if he failed to comply with the November 20 Order in a timely manner,

1  dismissal of the case may follow pursuant to Rule 41(b) of the Federal Rules of
2  Civil Procedure.
3        The First Amended Complaint was required to be filed by no later than
4  December 20, 2023, but this has not happened.  It is now well past Plaintiff's
5  deadline for complying with the November 20 Order, and he has not done so, nor
6  has he requested an extension of time to do so or otherwise communicated with the
7  Court.
8        Rule 41(b) of the Federal Rules of Civil Procedure grants federal district
9  courts the authority to *sua sponte* dismiss actions for failure to prosecute.  *Link v.*
10 *Wabash R. Co.*, 370 U.S. 626, 629-30 (1962).  In determining whether dismissal for
11 lack of prosecution is proper, a court must weigh several factors, including:  (1) the
12 public's interest in expeditious resolution of litigation; (2) the court's need to
13 manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less
14 drastic sanctions; and (5) the public policy favoring the disposition of cases on their
15 merits.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226
16 (9th Cir. 2006).
17       In this case, the fifth factor, the general policy favoring resolution of cases on
18 the merits, cannot be said to favor retention of this action on the Court's docket.  As
19 explained in the Report, the Complaint was defective in its entirety.  While the
20 Report recommended that leave to amend be granted in two respects, the Magistrate
21 Judge expressed substantial doubt that the defects identified could be rectified with
22 amendment.  The Court agrees that it is unlikely Plaintiff could state a viable claim
23 for the reasons identified in the Report, and apparently, he concurs, given his failure
24 to attempt amendment.  *See In re PPA Prods. Liab. Litig.*, 460 F.3d at 1228 ("this
25 factor lends little support to a party whose responsibility it is to move a case toward
26 disposition on the merits but whose conduct impedes progress in that direction").
27       Plaintiff's noncompliance with the November 20 Order necessarily implicates
28 both the public interest in the expeditious resolution of litigation and the Court's

need to manage its docket efficiently, the first and second factors. *See In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227; *see also Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal"). There is no extant operative complaint in this action due to Plaintiff's inaction, and thus, the case is stalled and unable to proceed.

The third factor – possible prejudice to the opposing party – is, at best, neutral to Plaintiff. While there is no evidence that Plaintiff's actions have resulted in any actual prejudice to Defendants as yet, "[t]he law … presumes prejudice from unreasonable delay." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227.

In addition, the fourth factor favors dismissal. As recounted above, through the November 20 Order, Plaintiff was cautioned expressly that his failure to file an amended complaint could result in the dismissal of this action under Rule 41(b). Having been so cautioned, yet having failed to take the action needed to allow this case to survive, Plaintiff appears to lack any interest in pursuing this case anymore. Under these circumstances, dismissal is appropriate.

A balancing of these factors thus leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (dismissal appropriate when strongly supported by three factors); *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (dismissal appropriate when supported by four factors).

Accordingly, for the foregoing reasons, IT IS ORDERED that this case is dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: January 19, 2024        _____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE